**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-00968-REB-CBS
(Consolidated with Civil Action Nos. 07-cv-00971-REB-CBS, 07-cv-01087-REB-CBS, 08-cv-02298-REB-CBS, 08-cv-02437-REB-CBS, 09-cv-00835-REB-CBS, and 09-cv-01145-REB-CBS)

TRUDIE M. ISKOWITZ, et al.,

       Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY, et al.,

       Defendants.

This order concerns Civil Action No. 08-cv-02298-REB-CBS

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **Defendant Cessna Aircraft Company's Motion To Dismiss** [#13][1] filed November 19, 2008. The plaintiff filed a response [#21] and the defendant filed a reply [#22]. In addition, the plaintiff filed a supplemental response [#27], and the defendant filed a supplemental brief [#31]. I grant the motion.

### I. JURISDICTION

I have diversity jurisdiction over this case under 28 U.S.C. § 1332.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) *(citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In the present motion to dismiss, the defendant moves to dismiss the plaintiff's complaint because the defendant contends that the plaintiff's claims are barred by the applicable statute of limitations. When the dates alleged in a plaintiff's complaint make it clear that the claim asserted has been extinguished under the applicable period of limitations, and this assertion is raised in a motion to dismiss, the plaintiff has the burden of establishing a factual basis for tolling the statute of limitations. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (1980).

### III.  FACTS

The present motion to dismiss was filed in *Martinair, Inc. v. Cessna Aircraft Company*, Civil Action No. 08-cv-02298-REB-CBS, one of the cases consolidated under the caption shown above. This order concerns only the claims asserted in Civil

Action No. 08-cv-02298.

This case arose as a result of a February 16, 2005, airplane crash that happened while a Cessna Citation aircraft was attempting an approach to the airport in Pueblo, Colorado. The aircraft was operated by plaintiff Martinair, Inc., under an agreement between Martinair and the owner of the airplane. Martinair settled the claims asserted by the survivors and estates of three of the passengers who were killed in the crash, Vincent Choe, Kyle Harmon, and John Jorgenson. After the three settlements, Martinair filed this lawsuit, asserting claims of contribution and indemnification against defendant Cessna Aircraft Company. Martinair alleges that Cessna may be liable for contribution and indemnification as to Martinair's settlements with the three deceased passengers' survivors and estates based on Cessna's "negligence and its strict liability for sale of a defective product [which] proximately caused the deaths of" Vincent Choe, Kyle Harmon, and John Jorgenson. *Complaint* [#1-3] (attachment to Notice of Removal [#1]), ¶ 21, ¶ 27. Cessna is based in Kansas, and the design, manufacture, and sale of the aircraft in question occurred in Kansas.

In its motion to dismiss, Cessna argues that (1) Kansas law is applicable to Martinair's claims; (2) the Kansas statute of limitations applicable to Martinair's claims expired before Martinair filed its case against Cessna; (3) the allegations in Martinair's complaint fail to state a claim under Kansas law on which relief can be granted; and (4) that Martinair's complaint must be dismissed under Kansas law for Martinair's failure to prosecute. I conclude that under Colorado's choice of law rules, Kansas law is applicable to Martinair's claims against Cessna. I conclude also that the Kansas statute of limitations is applicable to Martinair's claims and that Martinair's claims are barred because the Kansas statute of limitations expired before Martinair filed its case against

Cessna.  Given these conclusions, I do not address the third and fourth issues enumerated above.

## IV.  CHOICE OF LAW

A federal district court exercising diversity jurisdiction under 28 U.S.C. § 1332 must apply the choice of law rules of the forum state.  **Klaxon Co. v. Stentor Elec. Mfg. Co.**, 313 U.S. 487, 496 (1941).  The application of statutes of limitation is considered a question of substantive law, as opposed to procedural law, for the purpose of choice of law analyses conducted by a federal court sitting in diversity.  **U.S. Cellular Inv. Co. v. Southwestern Bell Mobile Sys., Inc.**, 124 F.3d 180, 182 - 183 (10th Cir. 1997).  Colorado's choice of law standard is the "most significant relationship to the occurrence and parties test" expressed in the Restatement (Second) Conflict of Laws, §§ 6, 145, 171; **AE, Inc. v. Goodyear Tire and Rubber Co.**, 168 P.3d 507, 509 - 510 (Colo. 2007).  Section 171 of the Restatement concerns measures of damages and is not relevant to the present motion to dismiss.

Section 6(1) of the Restatement provides that a "court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." **Restatement (Second) Conflict of Laws**, § 6(1).  When there is no statutory directive, § 6(2) of the Restatement provides a variety of factors to be considered:

    (a) the needs of the interstate and international systems;

    (b) the relevant policies of the forum;

    (c) the relevant policies of other relative interested states and the interests of those states in the determination of the particular issue;

    (d) the protection of justified expectations;

    (e) the basic policies underlying the particular field of law;

>   (f) certainty, predictability, and uniformity of result; and
>
>   (g) ease in determination and application of the law to be applied.

***Restatement (Second) Conflict of Laws***, § 6(2).

Section 145 of the Restatement provides more specific guidance concerning tort claims:

>   (1) The rights and liabilities of the parties with respect to an issue in tort
>   are determined by the local law of the state which, with respect to that
>   issue, has the most significant relationship to the occurrence and the
>   parties under the principles stated in § 6.
>
>   (2) Contacts to be taken into account in applying the principles of § 6 to
>   determine the law applicable to an issue include:
>
>   >   (a) the place where the injury occurred,
>   >
>   >   (b) the place where the conduct causing the injury occurred,
>   >
>   >   (c) the domicil, residence, nationality, place of incorporation
>   >   and place of business of the parties, and
>   >
>   >   (d) the place where the relationship, if any, between the
>   >   parties is centered.
>
>   These contacts are to be evaluated according to their relative importance
>   with respect to the particular issue.

***Restatement (Second) Conflict of Laws***, § 145.  I must consider these factors to determine what law applies to Martinair's claims against Cessna, including what statute of limitations applies to Martinair's claims.

### A.  Law Applicable to Martinair's Claims

A determination of what law applies to Martinair's claims requires consideration of the four factors stated in the ***Restatement (Second) Conflict of Laws***, § 145.

   1.  <u>Place of Injury</u> - The airplane crash in question in this case occurred in Pueblo, Colorado.  Generally, in personal injury or wrongful death actions, the place of

5

injury carries significant weight in the choice of law analysis.

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

***Restatement (Second) Conflict of Laws***, § 146.

In cases involving airplane crashes, however, the importance of the place of injury in the choice of law analysis often is minimized "because courts view the situs of injury as fortuitous." ***In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo., on Nov. 15, 1987***, 720 F.Supp. 1445, 1452 (D. Colo.1988). "The use of the word 'fortuitous' in air crash cases stands for the proposition that an air crash could occur in any state over which a particular aircraft was scheduled to fly." *Id*. n. 14 (***citing In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979***, 644 F.2d 594, 615 (C.A. Ill.1981)).

Martinair argues that the place of the crash and injuries that underlie this case was not fortuitous. First, Martinair notes that the Cessna Citation that crashed in Pueblo does not have the range to complete a transcontinental flight without landing to refuel. The airplane that crashed was flying from Virginia to California when the crash occurred. The airplane was scheduled to land at Pueblo to refuel. According to Martinair, the airport at Pueblo, Colorado, is one of the airports most frequently used for refueling transcontinental flights because it is near the center of the United States, and its small size permits efficient refueling operations. Second, the crash occurred during icing conditions in February while the airplane was approaching Pueblo to refuel.

I find and conclude that these two factors, assuming they are true, do not tie the crash at issue in this case to Pueblo, Colorado, while the place of injury in other cases

based on airplane crashes generally is considered to be fortuitous. Nothing in the record indicates that Pueblo is unique or nearly unique as an airport used for refueling. Certainly, snow, ice, and aircraft icing conditions in February are not unique to Pueblo. The factors tied to Cessna that allegedly caused the crash at issue here, "the defective conditions of the aircraft and its de-icing system," are not uniquely tied to Pueblo and could have occurred at any airport where the airplane might have landed to refuel in icing conditions. *Complaint* [#1-3] (attachment to Notice of Removal [#1]), ¶¶ 10, 21, 24, 27. Under these circumstances, the relationship between Colorado and the place of injury carries reduced significance in the conflict of laws analysis. **See, e.g., In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo., on Nov. 15, 1987**, 720 F.Supp. 1445, 1452 (D. Colo.1988).

     2.  Place of Conduct Causing Injury - Again, Martinair alleges that Cessna may be liable for contribution and indemnification as to the settlements with the three deceased passengers' survivors and estates based on Cessna's "negligence and its strict liability for sale of a defective product [which] proximately caused the deaths of" Vincent Choe, Kyle Harmon, and John Jorgenson. *Complaint* [#1-3] (attachment to Notice of Removal [#1]), ¶ 21, ¶ 27. Cessna argues that its conduct that allegedly caused Martinair's injuries occurred in Kansas because Cessna is based in Kansas, and the design, manufacture, and sale of the aircraft in question occurred in Kansas. Nothing in the complaint indicates that any actions related to the design, manufacture, and sale of the aircraft occurred in Colorado. The fact that an alleged malfunction of the airplane occurred in Colorado does not establish that Cessna's alleged conduct causing the injury occurred in Colorado. For the purposes or Martinair's claims against Cessna, the place of the conduct causing the injury is Kansas.

7

      3.  <u>Domicil and Residence of the Parties</u> - Martinair is a Virginia corporation with its principal place of business in Virginia.  Cessna is a Kansas corporation with its principal place of business in Kansas.  Martinar asserts that Cessna does business in Colorado.  Because neither party is a resident of Colorado or has its principal place of business in Colorado, this factor carries no weight in the choice of law analysis.

      4.  <u>Place of Parties' Relationship</u> - The parties had no relationship prior to the crash.  Martinair did not own the airplane, and nothing in the record indicates that there was any other relationship between Martinair and Cessna.  This factor carries no weight in the choice of law analysis.

      In short, the Restatement analysis focuses my consideration on the first two factors: the place of injury and the place of conduct causing the injury.  In the context of this case, including consideration of the fortuity of the place of injury, I conclude that the place of Cessna's conduct that allegedly caused Martinair's injury carries greater weight than the place of the injury.  Thus, I conclude that Kansas has the most significant relationship to the occurrence and the parties and that Kansas law is applicable to Martinair's claims against Cessna.

### B.  Applicable Statute of Limitations

      The Kansas statute of limitations applicable to Martinair's claims is Kan. Stat. Ann. § 60-513, which provides a two year period of limitations.  This statute does not identify specifically a limitation period for claims of contribution or indemnity, but it has been held to apply to such claims.  **U.S. Fidelity & Guar. Co. v. Sulco, Inc.**, 939 F. Supp. 820, 823 (D. Kan 1996); **Reeve v. Union Pac. R.R.**, 790 F. Supp. 1074, 1076 (D. Kan. 1992).  The limitation period begins to run when the principal plaintiff's claim accrues, here on the date of the airplane crash, rather then when the settling tortfeasor

claiming contribution discharges the common liability. ***Reeve***, 790 F. Supp. at 1079. The crash occurred on February 16, 2005, and Martinair first filed this case against Cessna on May 16, 2007, more than two years after the crash.

With regard to statutes of limitation, which is the key issue in this case, Colorado law provides certain statutory directives. In relevant part, §13-82-104, C.R.S., provides:

> (1) Except as provided in section 13-82-106, if a claim is substantively based:
>
> (a) Upon the law of one other state, the limitation period of that state applies.

§13-82-104(1)(a), C.R.S.

Section 13-82-105, C.R.S., provides:

> If the statute of limitations of another state applies to the assertion of a claim in this state, the other state's relevant statutes and other rules of law governing tolling and accrual apply in computing the limitation period, but its statutes and other rules of law governing conflict of laws do not apply.

§13-82-105, C.R.S.

Section 13-80-110, C.R.S. provides:

> If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained in that state, territory, or foreign country by reason of lapse of time, the cause of action shall not be maintained in this state.

§13-80-110, C.R.S.

Finally, §13-82-106, C.R.S. provides:

> If the court determines that the limitation period of another state applicable under sections 13-82-104 and 13-82-105 is substantially different from the limitation period of this state and has not afforded a fair opportunity to sue upon or imposes an unfair burden in defending against the claim, the limitation period of this state applies.

§13-82-106, C.R.S.

Again, section 6(1) of the Restatement provides that a "court, subject to

9

constitutional restrictions, will follow a statutory directive of its own state on choice of law." ***Restatement (Second) Conflict of Laws***, § 6(1).  The statutory directives specified above require that the Kansas statute of limitations be applied to Martinair's claims in this case.  Martinair argues that, if the Kansas statute of limitations is applicable, then the exception provided in §13-82-106, C.R.S., requires that this court apply the Colorado statute of limitations to Martinair's claims.  Section 13-82-106 applies only if (1) the Kansas period of limitation differs substantially from the Colorado period; and (2) the Kansas period has not afforded Martinair a fair opportunity to sue on its contribution claims.

     Section §13-50.5-104(4)(a), C.R.S., provides a one year period of limitations for claims of contribution among tortfeasors.  The limitations period under this statute begins to run when the tortfeasor seeking contribution discharges the common liability.  §13-80-108, C.R.S.   I agree with Martinair that the Kansas period of limitations differs substantially from the Colorado period of limitations.  Colorado provides a one year period of limitations, while Kansas provides a two year period.  More important, the date on which the relevant claims accrue differs substantially under the Kansas and Colorado schemes.  Again, in Kansas a contribution claim accrues on the date the principal plaintiff's claim accrues.  In this case, that is the date of the airplane crash on February 16, 2005.  In Colorado a contribution claim accrues on the date the tortfeasor seeking contribution, here Martinair, discharges the common liability.  In this case that is the date of each of Martinair's settlements with the three deceased passengers' survivors and estates.  Martinair says the earliest settlement agreement was completed in May, 2006, and its settlement payments to the representatives of the three decedents were not completed until November, 2006.  *Response* [#21], pp. 3, 8.

Martinair argues that the substantially different Kansas scheme has not afforded Martinair a fair opportunity to sue Cessna on Martinair's contribution claims. I disagree. As Martinair notes, the Kansas statute of limitations expired on February 16, 2007, about nine months after Martinair's first settlement agreement and about three months after Martinair's last payment to the representatives of the three decedents. In the circumstances of this case, those periods of time, while limited, are not so short that they deprived Martinair of a fair opportunity to assert its contribution claims against Cessna.

Under §13-82-104(1)(a), C.R.S., Kansas' statute of limitations is applicable to Martinair's claims. Those claims are barred under the Kansas statute of limitations, and under Section 13-80-110, C.R.S., the claims are barred also in Colorado. Section 13-82-106 does not require application of Colorado's statute of limitations to Martinair's claims.

## V. CONCLUSION AND ORDERS

Under Colorado's choice of law standards, and in the context of Martinair's claims against Cessna, Kansas has the most significant relationship to the occurrence and the parties at issue in this case. Therefore, Kansas law applies to Martinair's claims against Cessna. Martinair's claims are barred by the applicable Kansas statute of limitations and, under Colorado law, that bar must be applied in Colorado.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Cessna Aircraft Company's Motion To Dismiss** [#13] filed November 19, 2008, is **GRANTED**;

2. That under FED. R. CIV. P. 12(b)(6), the claims asserted by plaintiff Martinair, Inc., against defendant Cessna Aircraft Company in Civil Action No. 08-cv-02298 are **DISMISSED** because they are barred by the applicable statute of limitations;

3.     4. That **JUDGMENT SHALL ENTER** in Civil Action No. 08-cv-02298 in

11

favor of the defendant, Cessna Aircraft Company, and against the plaintiff, Martinair, Inc.;

4. That the defendant, Cessna Aircraft Company, is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

5. That under FED. R. CIV. P. 42(a), and D.C.COLO.LCivR 42.1, the consolidation of Civil Action No. 08-cv-02298 with Civil Action No. 07-cv-00968 is **TERMINATED**; and

6. That subsequently, the remaining consolidated actions **SHALL** be captioned as follows:

> Civil Action No. 07-cv-00968-REB-CBS
> (Consolidated with Civil Action Nos. 07-cv-00971-REB-CBS, 07-cv-01087-REB-CBS, 08-cv-02437-REB-CBS, 09-cv-00835-REB-CBS, and 09-cv-01145-REB-CBS)
>
> TRUDIE M. ISKOWITZ, et al.,
>
> Plaintiffs,
>
> v.
>
> CESSNA AIRCRAFT COMPANY, et al.,
>
> Defendants.

Dated September 30, 2009, at Denver, Colorado.

           **BY THE COURT:**

           */s/ Robert E. Blackburn*
           Robert E. Blackburn
           United States District Judge